JS 44  (Rev. 04/21) FLSD Revised 12/02/2022

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*  NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.

## I. (a)  PLAINTIFFS

## DEFENDANTS

**(b)** County of Residence of First Listed Plaintiff
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

**(d)** Check County Where Action Arose: ☐ MIAMI- DADE ☐ MONROE ☐ BROWARD ☐ PALM BEACH ☐ MARTIN ☐ ST. LUCIE ☐ INDIAN RIVER ☐ OKEECHOBEE ☐ HIGHLANDS

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1  U.S. Government
       Plaintiff

☐ 2  U.S. Government
       Defendant

☐ 3  Federal Question
       *(U.S. Government Not a Party)*

☐ 4  Diversity
       *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff)*
*(For Diversity Cases Only)* and One Box for Defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

Click here for: Nature of Suit Code Descriptions

## IV.  NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ |  |  | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Pharmaceutical Personal Injury Product Liability | **INTELLECTUAL PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans | ☐ 340 Marine | ☐ 835 Patent – Abbreviated New Drug Application | ☐ 460 Deportation |
| (Excl. Veterans) |  |  | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability | **LABOR** | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | ☐ 710 Fair Labor Standards Acts | **SOCIAL SECURITY** | ☐ 485 Telephone Consumer Protection Act (TCPA) |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 720 Labor/Mgmt. Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | ☐ 362 Personal Injury - Med. Malpractice | ☐ 380 Other Personal Property Damage | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
|  |  | ☐ 385 Property Damage Product Liability | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** |  | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee |  | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General |  |  | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** |  |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application |
|  | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions |
|  |  | ☐ 550 Civil Rights |  |
|  |  | ☐ 555 Prison Condition |  |
|  |  | ☐ 560 Civil Detainee – Conditions of Confinement |  |

## V. ORIGIN *(Place an "X" in One Box Only)*

☐ 1  Original Proceeding   ☐ 2  Removed from State Court   ☐ 3  Re-filed (See VI below)   ☐ 4  Reinstated or Reopened   ☐ 5  Transferred from another district *(specify)*   ☐ 6  Multidistrict Litigation Transfer   ☐ 7  Appeal to District Judge from Magistrate Judgment   ☐ 8  Multidistrict Litigation – Direct File   ☐ 9  Remanded from Appellate Court

## VI. RELATED/ RE-FILED CASE(S)

*(See instructions)*: a) Re-filed Case ☐ YES ☐ NO   b) Related Cases ☐ YES ☐ NO
JUDGE:                                                  DOCKET NUMBER:

## VII. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause *(Do not cite jurisdictional statutes unless diversity)*:

LENGTH OF TRIAL via _____ days estimated (for both sides to try entire case)

## VIII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND:  ☐ Yes  ☐ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE
DATE                                          SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY : RECEIPT #           AMOUNT           IFP           JUDGE           MAG JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

BEKIARES ELIEZER LLP DBA           )
FOUNDERS LEGAL                     )
                                   )
     Plaintiff                  )
v.                                 )      Case No.: 1:24-cv-21248-XXXX
                                   )
SEBASTIAN ALEXANDER GARCIA         )
and FOUNDERS COUNSEL, LLC          )
                                   )
     Defendants.                )

## COMPLAINT

       Bekiares Eliezer LLP d/b/a Founders Legal, ("Founders Legal" or "Founders") files this Complaint against Sebastian Alexander Garcia and Founders Counsel, LLC (hereinafter "Defendants"), showing the court as follows:

### Introduction

1. In seeking legal services, it is vital that clients not be confused as to the lawyers and representatives they hire.  The consequences of confusion are grave and may include ineffective representation and prejudicial client outcomes.

2. For nearly a decade, Founders Legal has provided legal services under the federally registered mark FOUNDERS LEGAL and has developed an extensive and highly respected reputation as a legal provider targeting growing organizations, including startups and nascent businesses, world-wide.

3. Founders' clients and their competitors, the United States Patent and Trademark Office (USPTO) and its officials, and members of the general public have come to associate the mark FOUNDERS LEGAL strongly with Founders, and Founders has dedicated significant resources to promote and protect its rights in the FOUNDERS LEGAL mark and its other marks and

branding.

4. Founders recently discovered the existence of Defendants and Defendants' infringing conduct, offering services targeting new businesses that are quasi legal or legal in nature considering Defendant Garcia is an attorney himself, under the mark FOUNDERS COUNSEL (the "Infringing Mark").

5. Founders has no relationship whatsoever with Defendants, and, therefore, no control as to the quality or purpose of the services purported to be offered under the Infringing Mark by Defendants.

6. Defendants' infringing conduct has caused, and is likely to continue to cause, confusion among the trade and consuming public as to the source or origin of Defendants' services offered under the Infringing Mark, thereby causing irreparable harm to Founders.

7. Founders understands that its industry exists because of the trust clients place in attorneys and representatives. If a client is confused as to the representative with which it is engaging, the consequences can be extremely dire for the client, and Founders' loss of its control of its own reputation and identity as FOUNDERS LEGAL would certainly be irreparable.

8. Founders Legal is forced to file this action because Defendants refuse to discontinue use of clearly infringing trademarks.

9. Clearly, FOUNDERS COUNSEL is confusingly similar to FOUNDERS LEGAL. Yet, despite Founders Legal's federal registration of FOUNDERS LEGAL and in disregard of Founders Legal's urgings which began at least as early as November 22, 2023, Defendants have continued to use FOUNDERS COUNSEL to promote their services.

## **Parties**

10. Bekiares Eliezer LLP d/b/a Founders Legal is a Georgia limited liability partnership, formed

in July, 2014.

11. Defendant Sebastian Alexander Garcia ("Garcia") is an individual residing in Florida at 9195 Collins Avenue, Unit 404, Surfside, Florida 33154.

12. Defendant Founders Counsel, LLC ("Founders Counsel") is a Florida limited liability company, formed on August 30, 2022 with its principal place of business at 9195 Collins Avenue, Apt 404, Surfside, Florida 33154.

13. Defendant Founders Counsel can be served with process through its registered agent Sebastian Garcia at 9195 Collins Avenue, Apt 404, Surfside, Florida 33154.

## Jurisdiction

14. This action arises under the Lanham Trademark Act (15 U.S.C. §§ 1051-1127). This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338, and under its supplemental jurisdiction of 28 U.S.C. § 1367, the counts of which concern acts of trademark infringement, false designation of origin, and unfair competition under the Lanham Act, and trademark infringement and unfair competition under the laws of the State of Florida.

15. The Court has supplemental jurisdiction over Founders Legal's state law claims based on 28 U.S.C. § 1367, because the state law claims are so related to the federal subject-matter claims that they form part of the same case or controversy and derive from a common nucleus of operative fact.

16. Defendants are all residents of the state of Florida and are thus subject to the general personal jurisdiction of the courts located in Florida.

17. The Court has personal jurisdiction over Defendant Founders Counsel because Defendant Founders Counsel owns, uses and possesses real property in the State of Florida and transacts business within the State of Florida. Further, this court has personal jurisdiction over Defendants

because Defendants have deliberately and intentionally marketed and sold or caused to be marketed and sold the infringing services in the State of Florida and to Plaintiff's customers therein.

18.  Defendants are cognizant that their wrongful conduct harmed and continues to harm Founders Legal in Florida, where Founders Counsel is based.

19. The Defendants are also subject to personal jurisdiction in this Court because they committed tortious acts (namely, trademark infringement and unfair competition) in the State of Florida and have committed a tortious injury in this state and regularly transacts and solicits business in the State of Florida.

## Venue

20. Venue is proper here because Defendants reside and have its principal place of business in this judicial district. Venue is also proper because a substantial part of Defendants' infringing activities that give rise to this dispute occurred in this judicial district. (28 U.S.C. §§ 1391(a)(2) and 1391(b)(2)).

## Statement of Facts

### Founders Legal and its Federally Registered and Common Law Trademark

21. Founders Legal started operating on July 28, 2014.

22. The business has grown from a modest law firm specializing in intellectual property with tech founders backgrounds, to an award-winning business and IP firm retaining national and international clients, including many in Florida.

23. Founders Legal is the owner of several federal trademarks, including the registration for FOUNDERS LEGAL, for use in connection with legal services.

24.  Founders Legal began using its federally registered trademark FOUNDERS LEGAL on

August 24, 2014 in connection with legal services due to its connection and close relation to technology founders associated with the law firm.

25. On August 22, 2014, Founders Legal filed an application to register the mark FOUNDERS LEGAL with the United States Patent and Trademark Office. The mark was registered with the Trademark Office on June 2, 2015 (the "Founders Mark"). A true and correct copy of the Certificate of Registration is attached hereto as Exhibit A.

26. To promote its business, Founders Legal has used the Registered Mark in many ways, including on its website at <founderslegal.com>, on social media sites including, Facebook (facebook.com/FoundersLegal), LinkedIn (linkedin.com/company/founders-legal) and Instagram (instagram.com/founderslegal_lawfirm), through continued learning events, on business cards and on other marketing materials including but not limited to magazine and newspaper articles.

27. In addition to its Founders Mark, Founders Legal owns a suite of related marks, including FOUNDHERS, U.S. Registration No. 7223500, FOUNDERS, U.S. Application Serial No. 97632374, FOUNDERS BRIEF, U.S. Application Serial No. 98056169, and FUNDERS LEGAL, U.S. Application Serial No. 97938999, all in connection with legal services (the "Founders Legal Marks").

28. Founders Legal markets its legal services to individuals and businesses around the country looking for legal counsel and services in several different areas of law, including but not limited to, intellectual property, corporate work, litigation, and more.

Defendants and their Infringement

29. Defendants began using the name FOUNDERS COUNSEL in commerce on or around April 17, 2022. Defendants' services include legal and business services (the "Infringing Mark").

30. Defendants use the Infringing Marks to promote their legal services at least in the following

ways: on their website <founderscounsel.com>, on social media sites including Facebook (facebook.com/profile.php?id=100086430292338) and Instagram (instagram.com/founderscounsel/).

31. Defendants provide an identical service – although of inferior quality – as Founders Legal does, and Defendants market their services under the trademark FOUNDERS COUNSEL.

32. In addition to Defendants' Infringing Marks being nearly identical in appearance to Founders Legal's Marks, the trade channels are the same considering Plaintiff has clients in Florida.

33. On information and belief, Defendants have intentionally attempted to purloin and copy Founders Legal's trademarks and customers, with the deliberate intent of confusing the marketplace and trading on Founders Legal's nonpareil reputation for quality.

34. On information and belief, Defendant Garcia directs, controls, ratifies, participates in and is the moving, conscious force behind the use of the Infringing Mark and actively and knowingly caused the infringement.

35. Clients are extraordinarily likely to be confused by Defendants' unauthorized use of the Founders Legal Mark and adopt the mistaken belief that Founders Legal is affiliated with Defendants.

Additional Background

36. On information and belief, Defendants deliberately intended to trade on Founders Legal's goodwill and reputation in the industry in which Plaintiff and Defendants both operate.

37. The infringing services manifestly intend to create an association between the name FOUNDERS LEGAL and services in the legal field.

38. Defendants have never obtained permission to use or license the Founders Legal Marks, or any other marks or designs confusingly similar thereto, for use on or in connection with any

goods or services, including on the infringing services.

39. Founders Legal has corresponded in good faith with Defendants on several occasions to demand that Defendants immediately cease all marketing and sales of the infringing services under the Infringing Mark.

40. Notwithstanding Defendants' awareness of Founders Legal's rights in the Founders Legal Marks and Founders Legal's business, Defendants have refused to cease their unlawful actions.

41. By using the Infringing Mark in connection with their competing and infringing services, Defendants seek to confuse and deceive the trade and the consuming public as to the source or origin of the infringing services and the genuine Founders Legal's services.

42. On information and belief, Defendants intended to free-ride on the goodwill represented by the Founders Mark developed by Founders Legal when they adopted the Infringing Mark.

43. Defendants culpably disregarded the risk of confusion to the public in their adoption of the Infringing Mark.

44. On information and belief, Defendants therefore knowingly, willfully, intentionally, and maliciously adopted and used the Infringing Mark for marketing and selling the infringing services, knowing that such use would mislead, deceive, and generate confusion among the consuming public.

The Harm to Founders Legal as a Result of Defendants' Unlawful Conduct

45. Both Founders Legal and Defendants provide identical services to identical customers in the legal field.

46. Upon information and belief, Defendants have intentionally and willfully directed their advertising, promotional and sales efforts at the same customers as Founders Legal's, including through the use of the infringing website and social media pages, in an effort to capitalize on

7

Founders Legal's commercial goodwill.

47. Defendants' infringing services are identical to the services offered under the Founders Legal Marks.

48. Thus, Defendants' use of the Infringing Mark is likely to cause the consuming public to be deceived and to erroneously assume that the parties' respective services are in some way connected with one another.

49. Given Defendants' cavalier attitude toward intellectual property infringement and Founders Legal's manifestly superior rights in the Founders Legal Marks, Defendants put at risk and damage Founders Legal's reputation, goodwill, and ability to market and promote its goods and services.

50. Defendants' unauthorized use of the Infringing Mark has injured Founders Legal's interests and will continue to do so unless enjoined.  Specifically, Defendants (a) have damaged and continue to damage Founders Legal's rights and valuable goodwill in the Founders Legal Marks; and (b) have injured and continue to injure Founders Legal's right to use and license the Founders Legal Marks as the exclusive indicia of origin of Founders Legal's services.

51. All conditions precedent to the filing of this action have occurred or have been waived or excused.

52. As a result of the wrongful conduct by Defendants alleged herein, Founders Legal has been forced to engage its counsel of record to enforce its rights in connection with the trademarks at issue.  Its counsel is accordingly entitled to its reasonable attorneys' fees and costs in connection with these legal services.

## COUNTS

### Count I
### Infringement of Federal Registered Mark (15 U.S.C. §1114)

53. Plaintiff repeats and realleges the allegations in the paragraphs above as if fully set forth herein.

54. The Founders Legal Registration for FOUNDERS LEGAL is valid and subsisting, and is prima facie evidence of the validity of the FOUNDERS LEGAL mark, of Founders Legal's ownership of the FOUNDERS LEGAL mark, and of Founders Legal's exclusive right to use the FOUNDERS LEGAL mark for the services enumerated in the Founders Legal Registration, including but not limited to legal services. By virtue of the Founders Legal Registration, the FOUNDERS LEGAL mark is entitled to protection under the Lanham Act, 15 U.S.C. §§ 1051, et seq.

55. Defendants' use of FOUNDERS COUNSEL, a confusingly similar mark, is certain to continue to cause confusion, deception, and mistake by creating the false and misleading impression that Defendants' services are provided by Founders Legal, affiliated with Founders Legal, are associated with Founders Legal or otherwise connected to Founders Legal, or have Founders Legal's sponsorship, endorsement, or approval for use.

56. Defendants' actions – most significantly, its refusal to stop use of the Infringing Mark (as described above) – demonstrate that its infringement is intentional, willful, and malicious, and was for the purpose of misleading the consuming public. These willful actions are in violation of the Lanham Act, 15 U.S.C. § 1114(1).

57. As a result of Defendant's infringement, as described above, the consuming public is certain to continue to be confused and deceived as to the source, sponsorship, affiliation, or approval of Defendants' services marketed under the FOUNDERS COUNSEL name.

58. Founders Legal has been damaged by the aforementioned acts in an amount to be determined at trial. Defendants' adoption and use of the FOUNDERS COUNSEL name for competing legal

services is confusingly similar to Plaintiff's FOUNDERS LEGAL mark and was undertaken by

Defendants intentionally, willfully, and in bad faith. Therefore, Founders Legal is entitled to

recover from Defendants treble damages and attorneys' fees.

59. In addition, Defendants' conduct, if it continues, will result in irreparable harm to Founders

Legal and, specifically, to the goodwill associated with the Founder Mark, unless such conduct is

enjoined.

### COUNT II
### Infringement of Trademark, False Designation of Origin and Unfair Competition under the Lanham Act (15 U.S.C. § 1125)

60. Plaintiff repeats and realleges the allegations in the paragraphs above as if fully set forth

herein.

61. Through Founders Legal's long-standing, widespread, continuous, and exclusive use of the

Founders Mark in commerce along with all the Founders Legal Marks, produced Plaintiff's

Founders Legal Marks have become impressed upon the minds of the relevant trade and

consuming public as identifying Founders Legal and indicating the source of origin of the

Founders Legal services as coming from Plaintiff.

62. Founders Legal has built a valuable business in its use of the Founders Legal Marks, and the

goodwill associated with Founders Legal, and Founders Legal alone, is of great value to

Founders Legal. The Founders Mark has developed secondary meaning in the minds of the

consuming public in the field of legal services, and have come to indicate to the consuming

public that the particular services bearing the Founders Mark originate from Founders Legal.

63. Founders Legal has used the FOUNDERS LEGAL mark continuously in commerce since at

least 2014.

64. Defendants' use of the Infringing Mark results in direct confusion as to the origin of

Founders Legal's services.

65. Defendants' use of FOUNDERS COUNSEL constitutes false designation of origin and/or a false or misleading description or representation of fact on or in connection with its services which is certain to continue to cause confusion, mistake or deception as to the affiliation, connection, or association of Defendants with Founders Legal, and/or as to the origin, sponsorship or approval of Defendants' services, in violation of the Lanham Act, 15 U.S.C. § 1125(a).  Defendants' conduct as described herein also constitutes an attempt to trade on the substantial goodwill that Founders Legal has developed in the Founders Mark, all to the damage of Founders Legal.

66. Defendants' use in commerce of designations which are confusingly similar to the Founders Mark and all Founders Legal Marks, despite having actual and constructive notice of Founders Legal's prior rights in and to the Founders Legal Marks, constitutes intentional conduct by Defendants to make false designations of origin and false descriptions about its services and commercial activities.

67. Defendants' actions have caused and, unless restrained and enjoined by this Court, will continue to cause irreparable harm, damage and injury to Plaintiff.

## COUNT III
## Common Law Trademark Infringement under Florida Law

68. Plaintiff repeats and realleges the allegations in the paragraphs above as if fully set forth herein.

69. Through the long-standing, continuous, and exclusive use of the Founders Legal Mark in commerce, the relevant trade and consuming public have come to understand the Founders Legal Mark as identifying Founders Legal and indicating the source of origin of the Founders Legal services as coming from Plaintiff.

70. Founders Legal has built a valuable business in its use of the Founders Legal Marks, and the goodwill associated with Founders Legal is of great value to Plaintiff. The Founders Legal Marks have come to indicate to the trade and consuming public that the particular services bearing the Founders Legal Marks originate from Plaintiff.

71. Defendants' unauthorized use of the Infringing Mark is likely to cause, and has caused, confusion in the marketplace between the parties' respective services.

72. Defendants' infringement of Plaintiff's Founders Legal Mark is in willful and wanton disregard of Founders Legal's rights in and to the same, and without the consent of Founders Legal.

### COUNT IV
### Unfair Competition and Deceptive Trade Practices Based on Florida Law

73. Plaintiff repeats and realleges the allegations in the paragraphs above as if fully set forth herein.

74. Defendants have engaged and continue to engage in fraudulent and deceptive acts and practices in violation of Florida Statutes §§ 495.151 and 501.204.

75. Defendants have used and are using the Infringing Mark which is confusingly similar to the FOUNDERS LEGAL mark in connection with similar services for which Founders Legal uses its Founders Legal Mark. Therefore, Defendants' uses of the Infringing Mark misrepresent the source, sponsorship, approval, or certification of its services, along with dilute the mark.

76. Defendants' use of the Infringing Mark has caused consumers to conclude falsely that there exists some affiliation, connection or association between Defendants and Founders Legal. The actual and probable tendency and impact of Defendants' uses is to enable Defendants to deceive the public, including citizens of the State of Florida for whose protection these Code Sections were enacted.

77. Defendants' wrongful conduct constitutes unfair competition as prohibited by Florida Statutes §§ 495.151 and 501.204.

78. Defendants' aforesaid acts constitute unfair competition under the common law of the State of Florida as follows:

Such acts will enable Defendants to obtain the benefit of and trade on the goodwill of Founders Legal;

Such acts will damage Plaintiff's goodwill in that Founders Legal does not have control over the businesses and products of Defendants;

Such acts are likely to cause confusion, mistake, or deception of the public;

Such acts will cause dilution of the famous mark; and

Such acts will result in the unjust enrichment of Defendants.

79. Defendants' infringement of Plaintiff's Founders Mark is in willful and wanton disregard of Plaintiff's rights in and to the same, and without the consent of Plaintiff.

80. The aforesaid acts of Defendants are greatly and irreparably damaging to Founders Legal and will continue to be greatly and irreparably damaging to Founders Legal unless enjoined by this Court, as a result of which Founders Legal is without an adequate remedy at law.

## Jury Demand

81. Founders Legal demands a trial by jury for all issues so triable.

## Prayer For Relief

WHEREFORE, Founders Legal requests the following relief against Defendants:

A.      That Defendants and its agents, servants, employees, attorneys, successors, and assigns, and any and all persons acting in concert or participating with it, or any of their successors or assigns or any of them, be preliminarily and permanently enjoined and restrained from directly

13

or indirectly:

(1)     using the marks "FOUNDERS COUNSEL" or any other reproduction, counterfeit, copy, confusingly similar variant, or colorable imitation of the Founders Legal Marks, in commerce in any medium;

(2)     advertising, marketing, offering for sale, providing or selling the infringing services;

(3)     using the Infringing Marks, or any reproduction, counterfeit, copy, confusingly similar variant or colorable imitation of the same, in any manner likely to cause others to believe that Defendants' services are connected with Founders Legal or are genuine Founders Legal-licensed products or services;

(4)     committing any other acts that may cause the consuming public to believe that Defendants' services are genuinely licensed by Founders Legal or otherwise provided for the benefit of Founders Legal;

(5)     engaging in unfair and deceptive trade practices against Founders Legal;

(6)      shipping, delivering, holding for sale, importing, distributing, returning, transferring, or otherwise moving or disposing of any materials falsely bearing the infringing mark, or any other reproduction, counterfeit, copy, confusingly similar variant or colorable imitation of the Founders Legal Marks; and

(7)     assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in the above subparagraphs (1) through (6).

B.     That Defendants and any and all persons controlled by or acting in concert with it be required to deliver to Founders Legal for destruction all goods, packages, and any other written or printed materials, in tangible or intangible form, that bear or depict the infringing mark, or any

other reproduction, counterfeit, copy, confusingly similar variant or colorable imitation of the Founders Legal Marks.

C.      That Defendants and any and all persons controlled by or acting in concert with it be required to surrender to Founders Legal the infringing website <founderscounsel.com> and all means to access, control, modify, and/or delete the infringing website.

D.      That Defendants be required to account for and pay to Founders Legal Defendants' profits from sales of the infringing services and any other product or service incorporating, copying, or imitating the Founders Legal Marks or any other brand element of Founders Legal, or sold under the infringing mark, and such sum in addition thereto as the Court shall find just.

E.      That this case be found exceptional and Founders Legal be awarded its attorneys' fees pursuant to 15 U.S.C. § 1117(a) and/or other applicable law.

F.      That Founders Legal recover the damages arising out of Defendants' wrongful acts in a sum equal to three times the actual damages suffered by Founders Legal, as provided in 15 U.S.C. § 1117(b) and/or other applicable law.

G.      That Defendants be required to disgorge its profits and other ill-gotten gains pursuant to 15 U.S.C. § 1117(a) and other applicable law.

H.      That Founders Legal have and recover the taxable costs of this civil action, including reasonable attorneys' fees, costs, and interest.

I.      That Founders Legal be awarded punitive or exemplary damages in view of Defendants' reckless, willful, wanton acts committed with conscious disregard for the rights of Founders Legal.

J.      That Founders Legal have such other general and further relief as this Court deems

just and proper.


Respectfully submitted, April 3, 2024.


*/s/Diana Mederos*
Diana Mederos, Esquire
Florida Bar No: 99881
Mederos Legal, PLLC
7000 W. Palmetto Park Road, Suite 210
Boca Raton, FL 33433
Office: (561) 654-4725
diana@miplegal.com
Attorney for Bekiares Eliezer, LLP


Zachary Eyster *(pro hac vice to be filed)*
GA Bar No.: 192335
Kennington R. Groff *(pro hac vice to be filed)*
GA Bar No.: 782901
BEKIARES ELIEZER, LLP
2870 Peachtree Rd. #512
Atlanta GA 30305
Telephone: 404.537.3686
zeyster@founderslegal.com
kgroff@founderslegal.com
mlane@founderslegal.com

# Exhibit A



# United States of America

## United States Patent and Trademark Office

# FOUNDERS LEGAL

**Reg. No. 4,746,784**

**Registered June 2, 2015**

**Int. Cl.: 45**

**SERVICE MARK**

**PRINCIPAL REGISTER**

BEKIARES ELIEZER LLP (GEORGIA LIMITED LIABILITY PARTNERSHIP), DBA
   FOUNDERS LEGAL
SUITE 555
3423 PIEDMONT RD NE
ATLANTA, GA 30305

FOR: LEGAL SERVICES, IN CLASS 45 (U.S. CLS. 100 AND 101).

FIRST USE 8-21-2014; IN COMMERCE 8-21-2014.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PAR-
TICULAR FONT, STYLE, SIZE, OR COLOR.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "LEGAL", APART FROM THE
MARK AS SHOWN.

SER. NO. 86-374,781, FILED 8-22-2014.

JASON BLAIR, EXAMINING ATTORNEY



Director of the United States
Patent and Trademark Office

---

**REQUIREMENTS TO MAINTAIN YOUR FEDERAL
TRADEMARK REGISTRATION**

**WARNING: YOUR REGISTRATION WILL BE CANCELLED IF YOU DO NOT FILE THE
DOCUMENTS BELOW DURING THE SPECIFIED TIME PERIODS.**

---

**Requirements in the First Ten Years***
**What and When to File:**

> *First Filing Deadline:* You must file a Declaration of Use (or Excusable Nonuse) between the 5th and 6th years after the registration date. *See* 15 U.S.C. §§1058, 1141k. If the declaration is accepted, the registration will continue in force for the remainder of the ten-year period, calculated from the registration date, unless cancelled by an order of the Commissioner for Trademarks or a federal court.

> *Second Filing Deadline:* You must file a Declaration of Use (or Excusable Nonuse) **and** an Application for Renewal between the 9th and 10th years after the registration date.*
> *See* 15 U.S.C. §1059.

**Requirements in Successive Ten-Year Periods***
**What and When to File:**

> You must file a Declaration of Use (or Excusable Nonuse) **and** an Application for Renewal between every 9th and 10th-year period, calculated from the registration date.*

**Grace Period Filings***

The above documents will be accepted as timely if filed within six months after the deadlines listed above with the payment of an additional fee.

**\*ATTENTION MADRID PROTOCOL REGISTRANTS:** The holder of an international registration with an extension of protection to the United States under the Madrid Protocol must timely file the Declarations of Use (or Excusable Nonuse) referenced above directly with the United States Patent and Trademark Office (USPTO). The time periods for filing are based on the U.S. registration date (not the international registration date). The deadlines and grace periods for the Declarations of Use (or Excusable Nonuse) are identical to those for nationally issued registrations. *See* 15 U.S.C. §§1058, 1141k. However, owners of international registrations do not file renewal applications at the USPTO. Instead, the holder must file a renewal of the underlying international registration at the International Bureau of the World Intellectual Property Organization, under Article 7 of the Madrid Protocol, before the expiration of each ten-year term of protection, calculated from the date of the international registration. *See* 15 U.S.C. §1141j. For more information and renewal forms for the international registration, see http://www.wipo.int/madrid/en/.

**NOTE:  Fees and requirements for maintaining registrations are subject to change.  Please check the USPTO website for further information.  With the exception of renewal applications for registered extensions of protection, you can file the registration maintenance documents referenced above online at** http://www.uspto.gov.

**NOTE:  A courtesy e-mail reminder of USPTO maintenance filing deadlines will be sent to trademark owners/holders who authorize e-mail communication and maintain a current e-mail address with the USPTO. To ensure that e-mail is authorized and your address is current, please use the Trademark Electronic Application System (TEAS) Correspondence Address and Change of Owner Address Forms available at** http://www.uspto.gov.

AO 120 (Rev. 08/10)

| TO:<br>**Mail Stop 8**<br>**Director of the U.S. Patent and Trademark Office**<br>**P.O. Box 1450**<br>**Alexandria, VA 22313-1450** | **REPORT ON THE**<br>**FILING OR DETERMINATION OF AN**<br>**ACTION REGARDING A PATENT OR**<br>**TRADEMARK** |
|---|---|

In Compliance with 35 U.S.C. § 290 and/or 15 U.S.C. § 1116 you are hereby advised that a court action has been filed in the U.S. District Court _____ on the following

☐ Trademarks or   ☐ Patents.   ( ☐ the patent action involves 35 U.S.C. § 292.):

| DOCKET NO. | DATE FILED | U.S. DISTRICT COURT |
|---|---|---|
| PLAINTIFF | | DEFENDANT |

| PATENT OR<br>TRADEMARK NO. | DATE OF PATENT<br>OR TRADEMARK | HOLDER OF PATENT OR TRADEMARK |
|---|---|---|
| 1 | | |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | | |

In the above—entitled case, the following patent(s)/ trademark(s) have been included:

| DATE INCLUDED | INCLUDED BY | |
|---|---|---|
| | ☐ Amendment   ☐ Answer   ☐ Cross Bill   ☐ Other Pleading | |
| PATENT OR<br>TRADEMARK NO. | DATE OF PATENT<br>OR TRADEMARK | HOLDER OF PATENT OR TRADEMARK |
| 1 | | |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | | |

In the above—entitled case, the following decision has been rendered or judgement issued:

| DECISION/JUDGEMENT |
|---|
| |

| CLERK | (BY) DEPUTY CLERK | DATE |
|---|---|---|
| | | |

**Copy 1—Upon initiation of action, mail this copy to Director    Copy 3—Upon termination of action, mail this copy to Director**
**Copy 2—Upon filing document adding patent(s), mail this copy to Director    Copy 4—Case file copy**

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

_____ District of _____

|  |  |  |
|---|---|---|
|  | ) |  |
|  | ) |  |
|  | ) |  |
| _____ | ) |  |
| *Plaintiff(s)* | ) |  |
| v. | ) | Civil Action No. |
|  | ) |  |
|  | ) |  |
|  | ) |  |
| _____ | ) |  |
| *Defendant(s)* | ) |  |

**SUMMONS IN A CIVIL ACTION**

To: *(Defendant's name and address)*

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____                    _____
                                                                    *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❒ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❒ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❒ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❒ I returned the summons unexecuted because _____ ; or

❒ Other *(specify):*

_____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

_____ District of _____

|  |  |  |
|---|---|---|
|  | ) |  |
|  | ) |  |
|  | ) |  |
| _____ | ) |  |
| *Plaintiff(s)* | ) |  |
| v. | ) | Civil Action No. |
|  | ) |  |
|  | ) |  |
|  | ) |  |
| _____ | ) |  |
| *Defendant(s)* | ) |  |

**SUMMONS IN A CIVIL ACTION**

To: *(Defendant's name and address)*

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____          _____

*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❑ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

❑ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❑ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

❑ I returned the summons unexecuted because _____ ; or

❑ Other *(specify):*
.

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc: